## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

**SALES PAD, LLC**
a Michigan Limited Liability Company                    Case No. 16-

      **Plaintiff,**

**v.**

**MARCUS LEMONIS, LLC**, a
Delaware Limited Liability Company,
and **MARCUS LEMONIS**, Individually

      **Defendants.**

Michael M. Jacob (P15391)
**Young Basile Hanlon & MacFarlane, PC**
3001 W. Big Beaver Road, Ste. 624
Troy, Michigan 48084
T: (248) 649-3333 F: (248) 649-3338
Email: jacob@youngbasile.com
*Attorneys for Plaintiff*

## COMPLAINT

NOW COMES Plaintiff, SALES PAD, LLC, by its attorneys, Young Basile Hanlon & MacFarlane, P.C., and for its Complaint as stated says as follows:

### Jurisdiction

1.    Plaintiff, Sales Pad, LLC, (hereinafter "Sales Pad") is a limited liability company organized under the laws of the State of MICHIGAN with its principal place of business in Grand Rapids, MICHIGAN.

2.      Defendant, Marcus Lemonis, LLC  (hereinafter "ML LLC"), is a limited liability company organized under the laws of State of DELAWARE with its principle place of business in ILLINOIS.

3.      Defendant, Marcus Lemonis (hereinafter "ML") is an individual and a citizen of the State of ILLINOIS.

4.      Jurisdiction is based upon diversity of citizenship and the amount in controversy being in excess of $75,000 pursuant to 28 USC §1332(a)(1).

**Venue**

5.      Venue is proper in the Western District of Michigan under 28 USC §1391(b)(2).

**Common Allegations**

6.      In 2015, negotiations began between ML and Sales Pad intended to lead to the formal execution of a Marketing and Promotional Services Agreement ("Marketing Agreement") together with related agreements whereby, among other services, ML was to act as a consultant to Sales Pad and provide marketing and promotional services through various entertainment and media outlets including television, radio, internet and social media promotions for the sale and licensing of Sales Pad's point-of-sale accounting software and services and related products.

7.      Target markets were to include small businesses and other entities to be identified by ML in which ML and ML LLC held (or in the future acquired) an equity interest or had (or in the future created) a business relationship.

8.      Target markets were to also include the many entrepreneurs and small business owners who view ML's CNBC television program "The Profit" or who follow ML's posts on social media platforms including Facebook and Twitter.

9.     In exchange for ML entering into the Marketing Agreement, Sales Pad proposed to make certain cash payments to ML LLC and to enter in a separate agreement with ML LLC to issue warrants or other rights whereby ML LLC could initially acquire 105,000 non-voting units of Sales Pad contingent upon achievement of certain sales targets and other requirements.

10.     Sales Pad also proposed that, if additional sales targets and requirements were achieved, then ML LLC could subsequently exercise additional warrants or rights to acquire an additional 117,222 non-voting units of Sales Pad.

<u>Count I</u>
<u>Fraud and Fraud In The Inducement</u>

11.     Sales Pad hereby incorporates paragraphs 1-10 of the Common Allegations as if the same were stated verbatim herein.

12.     In reliance upon the initial negotiations, Sales Pad commenced performance of the Marketing Agreement with Sales Pad software installation, first, in the Chicago area at a dog food company known as Bentley's Corner Barkery, and later at a business in Pittsburgh known as Simple Greek.

13.     During the course of negotiations with Sales Pad, and prior to the execution of any written documents but during the course of continuing to exchange various written drafts of term sheets and proposed agreements, ML demanded Sales Pad wire transfer $250,000.00 to ML LLC  as a condition precedent for Sales Pad continuing the software implementation at Simple Greek as well as for ML continuing the ongoing negotiations of the Marketing Agreement and other proposed agreements.

14.     Based upon ML's assurances that ML would continue implementation of Sales Pad products and that ML would continue to provide the marketing and promotional services pursuant to the Marketing Agreement agreed upon in principle but not yet consummated, Sales

3

Pad wire transferred $250,000.00 to ML LLC's account at the Private Bank in Chicago in January 2016.  ML is the manager and sole member of ML LLC.

16. Following payment from Sales Pad, ML failed to provide the marketing and promotional services that ML had promised to provide including but not limited to social media, TV shows, joint press releases and promotional appearances.

16. By June 2016, ML failed to honor his commitments, and failed to finalize or execute any written agreements between ML and Sales Pad and between ML LLC and Sales Pad as contemplated by the draft term sheet and other proposed agreements.

17. In June 2016, Sales Pad reluctantly concluded ML had completely misrepresented and defrauded Sales Pad into believing ML had the capability and intention to perform the agreed upon marketing and promotional services, including ML's false assurances that in certain instances, ML had performed and provided the agreed marketing and promotional services but failed to do so.

18. In June 2006, Sales Pad demanded a return of the $250,000.00 it had wired to ML LLC in January 2016.

19. At the time that ML wire transferred $250,000 ML LLC, ML knew that Sales Pad was relying upon ML's representations, *inter alia,* that ML would continue to provide the marketing and promotional services pursuant to the Marketing Agreement then agreed upon in principle but not yet consummated.

20. ML knew his representations to Sales Pad in January 2016 were false when made and were made with the intention that Sales Pad would rely upon same to induce it into wire transferring the $250,000.00 to ML LLC**.**

21.     Sales Pad acted in reliance upon ML's representations and as a direct, natural and proximate result of such false and reckless representations, Sales Pad has been damaged in the amount of $250,000.00.

WHEREFORE, Sales Pad, LLC requests this Honorable Court enter judgment in his favor against Marcus Lemonis, LLC and Marcus Lemonis, Individually, jointly and severally, in the amount of $250,000.00 plus costs, interest and attorney fees so unjustly incurred.

Respectfully submitted,

**Young Basile Hanlon & MacFarlane, PC**

By: */s/Michael M. Jacob*
    Michael M. Jacob (P15391)
    3001 W. Big Beaver Road, Ste. 624
    Troy, Michigan  48084
    Telephone:  (248) 649-3333
    Facsimile: (248) 649-3338
    E-Mail: jacob@youngbasile.com
Dated:  December 19, 2016    *Attorneys for Plaintiff*